[No. 4077.]

## LAUER V. KAUFMAN.

APPEAL AND ERROR—*Finding on Sufficient Evidence*, against which there is nothing conclusive in the record, is decisive in the court of review.

*Error to Rio Grande District Court.* HON. CHAS. C. HOL-BROOK, Judge.

Mr. JESSE STEPHENSON, for plaintiff in error.

Messrs. CORLETT & CORLETT, for defendant in error.

MORGAN, J.

Action was commenced by Mr. Lauer, March 30, 1913, in the lower court, for contribution in the amount of one-third of what he had been compelled to pay on some promissory notes signed by him and the defendant Kaufman, on a two-thirds and one-third liability, respectively. Defendant admitted his liability to the plaintiff in the amount sued for, but pleaded, by way of counter-claim, that plaintiff was ꓤd to him in a much larger sum, on account of certain ꓢ or joint dealings, in lands. The issues, there-

fore, came on upon the contentions of the parties in reference to a settlement of such transactions. The lower court, sitting without a jury, found that plaintiff owed the defendant $2,000 on a just settlement of their land transactions, and that defendant owed the plaintiff $555.43 on the notes; and, on such finding, entered judgment against the plaintiff for the difference, $1,444.57, and apportioned the costs equally between them. Plaintiff sued out the writ of error.

The plaintiff and defendant, owning some lands in Colorado (the plaintiff an undivided two-thirds and the defendant an undivided one-third interest therein), traded the same for some lands and other property in Kansas. The notes upon which the suit is based were given in payment to some real estate agents for commissions, the plaintiff being liable for two-thirds and the defendant for one-third thereof, and about which there was no dispute. The defendant refused to pay his part of these notes because of a dispute over a settlement and division of the proceeds of the property which they traded for, which consisted of cash and securities, and two sections of land, in different counties, and one piece of town property; the conveyances of the land being made, whereby one section and the town property were conveyed to the plaintiff, and the other section to the defendant. Both admitted that the town property was conveyed to the plaintiff to hold for the use of both of them, on the one-third and the two-thirds basis, and the dispute arose as to the purpose and intention in conveying the two sections, one to each of them respectively. The plaintiff claims that they agreed to take one section, each, and hold the same in absolute ownership, and that each section was so received and taken by each of them as a credit upon, or partial distribution of, their joint interests, at a valuation of $12,800, to each of them; and, in all of the plaintiff's statements of account, upon which some settlements had been made between them, the charged the defendant with having received

his interest in the proceeds of their joint property, the
sum of $12,800 (the trade value of the section conveyed
to him), and charged himself with the same amount for
the section he had taken. Both admitted that the two sec-
tions of land were taken, in the trade, upon an inflated
value, much greater than the actual value thereof. It may
be seen that a loss would be sustained in so taking and
accepting these two sections at a valuation of $12,800, which
loss would be the difference between the actual and the trade
value. The defendant contends that the two sections were
so conveyed for convenience only, and that each of them
held the same upon the one and the two thirds basis; and
objected to being charged with having received $12,800, by
way of the section of land so conveyed to him, because he
would thus lose one-half, instead of one-third, of the differ-
ence between the trade value and the actual value thereof.

The settlements made between the parties, prior to the
suit, were made upon a long itemized statement, made out
by the plaintiff, which was presented at the trial, and
agreed upon, except a charge against the defendant of
of $12,800, on account of the section of land so conveyed
to him. This item was disputed by the defendant, for the
reason heretofore stated.

The lower court took defendant's view of the dispute,
and found that the two sections were conveyed to the
parties, separately, for convenience, only; that the actual
value was just one-half of the trade value; that they were
conveyed and held for the joint use of both, according to
the one and the two thirds interest; and that the plaintiff
should sustain two-thirds of the loss and the defendant
one-third thereof. There is no conclusive evidence against
these findings, and as these were the only issues in the
case, the findings thereupon are decisive of the controversy.
The lower court, in rendering the judgment, permitted each
party to retain the sections so conveyed at a valuation of
one-half of the trade value, and thereby, necessarily, found

that the amount charged in the settlement against the defendant of $12,800, as having been received by him, was erroneous. The court then adjusted the settlement, as heretofore stated, by finding that the plaintiff owed defendant an estimated amount of $2,000, by reason of the incorrect charge, and then deducted from this the $555.43 which defendant admitted he owed plaintiff on the notes, and gave defendant judgment for the difference of $1,444.57.

The only error counsel for plaintiff contends that the lower court made (aside from the finding that the title was taken, individually, for convenience, only) is that the court erred in not finding the actual value of both these sections before adjusting the loss between the parties, claiming that the evidence shows that the section defendant obtained was of greater value than the other. There is no evidence that one section was of any greater value than the other except a statement claimed to have been made by the defendant, at the time the two sections were convyed, that he received the better one of the two. However, the plaintiff testified that he and the defendant valued the two sections at about one-half of the amount at which they were taken in the trade. The defendant testified that the two sections were both of the same value. Two other witnesses testified that the valuation of the two sections was about $10 an acre (which was one-half of the trade value), but neither of them testified that one was of any greater value than the other. The lower court was therefore justified in finding that both sections were, practically, of the same value, and in estimating the actual value thereof at one-half of the trade value. It appears, therefore, that the claim of the plaintiff that the defendant received $12,800 by taking his section is not justified; the defendant would be mulcted in a loss of the difference between one-half and one-third of the loss incurred, by reason of being charged with the full trade value, which was twice the actual value of the land. The total loss to both was $12,800,

and defendant's loss should be only one-third of this sum, or $4,266⅔, while plaintiff's charge against him made him lose $6,400, or a loss of over $2,000 more than he should lose; and as there was no dispute over the other items in the plaintiff's statement of the account between him and the defendant, the court allowed the defendant judgment against the plaintiff for such $2,000, and after deducting the amount owing by the defendant to the plaintiff on the notes entered judgment in defendant's favor for the balance. This was a fair and reasonable conclusion, and being based upon the evidence, it must be sustained.

*Judgment affirmed.*